IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**DERRICK KEYS**                                                                                               **PLAINTIFF**

**VS.**                                                                  **CIVIL ACTION NO. 3:13cv622-HTW-LRA**

**WARDEN DEREK MINGO, ET AL**                                                              **DEFENDANTS**

**OMNIBUS ORDER**

The parties appeared and participated in an omnibus hearing before the undersigned United States Magistrate Judge on April 16, 2014, at the Jackson Federal Courthouse in Jackson, Mississippi.  Derrick Keys ("Plaintiff" or "Keys") appeared *pro se*; Defendants were represented by attorney Robert O. Allen.

The hearing was conducted under the authority of *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), and its progeny.  It functioned as a scheduling/case management conference, a discovery conference, a *Spears* hearing, and as a pretrial conference.  After due consideration of the issues involved in this case and any requests for discovery, the Court does hereby find and order as follows:

1.     **JURISDICTION AND SUMMARY OF CLAIMS**

Jurisdiction of this case is based upon 42 U.S.C. § 1983.  Plaintiff explained his claims under oath to the Court.  He is a convicted inmate now housed at the South Mississippi Correctional Institute [SMCI] in Leakesville, Mississippi, in the custody of the Mississippi Department of Corrections [MDOC].   He was previously housed in the Marion Walthall Correctional Facility [MWCF] in Marion County, Mississippi.  He filed

this lawsuit in the Circuit Court of Hinds County, and it was removed by Defendants to this Court.

According to Plaintiff, on or about March 26, 2013, while housed in MWCF, he and eight other inmates were accused of assaulting another inmate, Arthur Easley. He was given a Rules Violation Report [RVR] and found guilty of the charges. The charges were dismissed as to two other inmates, and the remaining were found guilty. He was in the zone when the assault occurred, and Plaintiff contends that the security camera should provide evidence of who actually assaulted the inmate. Plaintiff claims he did not participate in the assault. Plaintiff was given 60 days of restricted privileges. He contends that he also lost his custody status for a year due to the RVR and was unable to accumulate good time credits during this period. He had been B custody prior to the RVR and was changed to C custody thereafter. He was also moved for no reason after the assault. According to Plaintiff, he had paid $49 to be moved from SMCI to MWCF.

Plaintiff contends that an Officer Pittman wrote his RVR, and Defendant Major Edna McGowan was the unit administrator who approved the RVR. Plaintiff had a disciplinary hearing and requested to be allowed to view the camera footage of the assault; his request was denied. Defendant Lt. Joy Ross was the hearing officer. She convicted him without allowing him to review the camera footage and without reviewing it herself. Plaintiff appealed the RVR conviction, but Defendant Warden Mingo affirmed the conviction.

Plaintiff asked that his conviction for the RVR be expunged from his prison record and that he be awarded $45,000 in compensatory damages and $55,000 in punitive damages. The only Defendants who have been served with process are Warden Derek Mingo and Major Edna McGowan. Lt. Joy Ross of SMCI and "MDOC Deputy Commissioner of Institutions" have not been served.

The Court refers to the initial Complaint, as augmented by Plaintiff's testimony at the omnibus hearing, for other details of the claims against Defendants.

2. **DISCOVERY ISSUES and PENDING MOTIONS**

Defendants Warden Derek Mingo and Major Edna McGowan filed a Motion to Dismiss [5] on December 4, 2013, but Plaintiff has not filed a written response to the motion. Before additional proceedings may continue, it will be necessary for the Court to enter a ruling on that motion. Plaintiff shall be given an opportunity to file a written response to the motion, and Defendants may file a reply. Plaintiff is advised that the motion shall be granted unless he files a pleading responding to Defendants' legal contentions.

The Court notes that two other inmates who were allegedly involved in the assault have also filed Complaints regarding the RVRs they received in connection with the incident. These include *Garrod Walker v. MWCF Warden Mingo, et al,* 3:13cv524-JMR, and *Richard Kennedy v. MWCF Warden Mingo, et al,* 3:13cv525-JMR (closed by Judgment in favor of Defendants on March 25, 2014).

### 3. TRIAL WITNESSES

If a trial is conducted, the Court will transport up to three inmate witnesses to give testimony on behalf of Plaintiff.  Plaintiff may submit his witness list any time up to 30 days prior to any trial set in this cause.

Plaintiff is advised that he may call any free world witnesses if a trial is conducted in this cause.  However, it will be necessary for Plaintiff to obtain their voluntary appearance in this case.  Or, upon the prepayment of witness fees, plus mileage costs, along with the complete address of where the witness may be found, Plaintiff may request the Court to cause a subpoena to be issued for a free world witness.  The request should be made at least 30 days prior to trial, and the Court will direct that the United States Marshal's Service serve any such subpoena.

### 4. PRETRIAL CONFERENCE, PRETRIAL ORDER, AND TRIAL SETTING

This conference shall stand in lieu of a pretrial conference, and this Order shall stand in lieu of a pretrial order.   The parties have consented to the jurisdiction of the Magistrate Judge.  Plaintiff has been mailed a consent form and shall execute and return same for execution by Defendants.  The consent will then be presented to the District Judge for consideration.

IT IS, THEREFORE, ORDERED:

1. On or before **May 19, 2014,** Plaintiff is directed to file a written response to Defendants' Motion to Dismiss [5], setting forth the reasons his case should

not be dismissed under the law set forth in the motion.  Plaintiff is advised that his Complaint will be dismissed if he fails to file a response prior to **May 19, 2014.**

2. On or before **June 2, 2014,** Defendants may file a reply to Plaintiff's response.

3. Any other motions should be filed on or before **July 14, 2014**.

SO ORDERED, this the 23rd day of April 2014.

/s/ Linda R. Anderson
UNITED STATES MAGISTRATE JUDGE